IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLEEN SCHARP,

        Plaintiff,

    v.

LEGACY HEALTH SYSTEM,

        Defendant.

No. 06-1213-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Carleen Scharp brought this action against defendant Legacy Health Systems ("Legacy"), claiming that Legacy violated the Family Medical Leave Act ("FMLA"), the Oregon Family Leave Act ("OFLA"), the Age Discrimination in Employment Act ("ADEA"), Or. Rev. Stat. § 659A.030 (2005) (Oregon's discrimination statute), and the common law governing wrongful discharge.

    Legacy moves to dismiss both the wrongful discharge claim and the FMLA claim as untimely because Ms. Scharp failed to file within two years of the date of termination. In the alternative, Legacy moves to strike portions of Ms. Scharp's FMLA claim that occurred more than three years prior to the filing of her complaint. Legacy also moves to strike the portions of

PAGE 1 - OPINION AND ORDER

the ADEA claim that occurred more than 300 days before Ms. Scharp filed charges with the Equal Employment Opportunity Commission ("EEOC").  In addition, Legacy moves to strike the portions of the OFLA claim and the Or. Rev. Stat. § 659A.030 (2005) (age discrimination) claim that occurred more than one year before Ms. Scharp filed charges with the Bureau of Labor and Industries ("BOLI").  Lastly, Legacy moves to strike all claims prior to May 27, 2004.

For the following reasons, I GRANT Legacy's motion to dismiss Ms. Scharp's wrongful discharge claim, but DENY Legacy's motion to dismiss Ms. Scharp's FMLA claim.  However, I GRANT Legacy's motions to strike the FMLA claims that occurred prior to August 24, 2003, her ADEA claims that occurred prior to July 31, 2004, and her OFLA and Oregon Age Discrimination claims that occurred prior to May 27, 2004.  Lastly, I DENY Legacy's motion to strike all claims that occurred prior to May 27, 2004.

## BACKGROUND

Legacy employed Ms. Scharp from October 27, 1987, to August 3, 2004.  On January 23, 2003, Ms. Scharp began taking intermittent family leave to care for her father-in-law, which Legacy granted pursuant to the OFLA.

In late August or early September 2003, Legacy promoted Ms. Betty Lannon to the position of supervisor.  Ms. Lannon oversaw several Legacy employees, including Ms. Scharp.  After her promotion, Ms. Lannon allegedly began making comments that she wanted to "clean house," which Ms. Scharp interpreted to mean terminating the older employees.  Ms. Lannon also allegedly made derogatory comments about Ms. Sharp's OFLA- and FMLA-related absences, including, "of course, Carleen is gone again" and "if it's Monday or Friday Carleen won't be in." Ms. Lannon also questioned why Ms. Scharp would be entitled to care for her father-in-law.

On September 8, 2003, Ms. Lannon issued a written corrective action to Ms. Scharp regarding attendance.  In the corrective action, Ms. Lannon characterized several approved FMLA absences as "unexcused absences."

PAGE 2 - OPINION AND ORDER

On October 30, 2003, Ms. Scharp requested and Legacy granted intermittent leave under the OFLA and the FMLA for her own irritable bowel syndrome.

In November 2003, Ms. Lannon issued Ms. Scharp's annual performance appraisal. The appraisal rated Ms. Scharp as competent "with planned improvements," included a negative reference regarding Ms. Scharp's attendance, and noted that Ms. Scharp had six FMLA absences following the September 8, 2003 written corrective action.

On May 27, 2004, Ms. Lannon issued a final corrective action to Ms. Scharp that erroneously listed OFLA- or FMLA-approved absences as unexcused absences. The corrective action also listed three instances in which Ms. Scharp had allegedly left early without authorization, although Ms. Scharp purportedly followed Legacy procedures regarding early departures. Ms. Lannon also criticized Ms. Scharp for forgetting to clock-in, a common, non-disciplined occurrence among the employees at Legacy.

In the final corrective action, Ms. Lannon instructed Ms. Scharp that she could not stay past the end of her shift without prior permission of the manager, allegedly contrary to department practice. Ms. Scharp was also the only employee that required permission to stay past the scheduled shift. This requirement caused Ms. Scharp's co-workers to resent her for leaving at the end of her shift, because they had to complete any unfinished work.

Legacy terminated Ms. Scharp's employment on August 3, 2004, due to continued attendance problems. The late arrivals and two of the absences listed among the stated bases for the termination were OFLA- or FMLA-related. About the same time that Legacy terminated Ms. Scharp, Legacy also terminated two other laboratory assistants, both of whom were over the age of 50. One of those employees had taken family medical leave prior to the termination of her employment.

Ms. Scharp filed a complaint with BOLI on May 27, 2005, which was co-filed with the EEOC. Ms. Scharp received right to sue notices from BOLI on May 26, 2006 and from the EEOC on June 8, 2006. Ms. Scharp filed this complaint on August 24, 2006.

PAGE 3 - OPINION AND ORDER

## STANDARD

On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, accepting the plaintiff's allegations as true and drawing all reasonable inferences from the complaint in plaintiff's favor. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Moreover, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* The dispositive issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

**I. Legacy's Motions to Dismiss**

    A.  <u>Legacy's Motion to Dismiss the Wrongful Discharge Claim</u>

Legacy terminated Ms. Scharp on August 3, 2004. Ms. Scharp filed her complaint on August 24, 2006, claiming, in part, wrongful discharge. Legacy moves to dismiss Ms. Scharp's wrongful discharge claim as untimely because Ms. Scharp failed to file this claim within two years of the date of her termination. Ms. Scharp concedes that she did not meet the two-year statute of limitations, but asks the court deny the motion to dismiss based on the doctrine of equitable tolling.

The statute of limitations for a wrongful discharge in Oregon is two years. *See* Or. Rev. Stat. § 12.110(1) (2005); *Stupek v. Wyle Labs. Corp.*, 968 P.2d 678, 679 (Or. 1998). A plaintiff may avoid a statute of limitations under the doctrine of equitable tolling. *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207 (9th Cir. 1995). The doctrine of equitable tolling focuses on the "plaintiff's excusable ignorance of the limitations period" and on the "lack of prejudice to the defendant." *Id.* (quoting *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir.1981)). However, the court's primary focus should be on whether there was excusable delay by the plaintiff. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Courts have applied

this doctrine when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. U.S.*, 107 F.3d 696, 701 (9th Cir. 1996). Federal courts rarely apply the doctrine of equitable tolling, especially when a plaintiff fails to exercise due diligence. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Beffa v. Bank of West*, 152 F.3d 1174, 1177 (9th Cir. 1998). To do so would "trivialize the statute of limitations by promiscuous application of tolling doctrines." *Santa Maria*, 202 F.3d at 1179 (quoting Judge Posner in *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir.1990)).

Ms. Scharp has provided no explanation for not timely filing this action, despite being represented by counsel. Under the facts of this case, Ms. Scharp did not demonstrate that she exercised due diligence in pursuing her claim. Accordingly, for failing to file her wrongful discharge claim within two years of the date of her termination, I grant Legacy's motion to dismiss that claim.

B. <u>Legacy's Motion to Dismiss the Family Medical Leave Act Claim</u>

Legacy moves to dismiss Ms. Scharp's FMLA claim as untimely, because Legacy terminated Ms. Scharp more than two years before she brought this action. The FMLA provides a two-year statute of limitations for "violations" and a three-year statute of limitations for "willful violations." Ms. Scharp contends that her action is timely because Legacy willfully violated the FMLA, triggering the three-year statute of limitations.

Unfortunately, the FMLA fails to define the term "willful." Also, neither the U.S. Supreme Court nor the Ninth Circuit Court of Appeals has defined the term "willful" within the context of the FMLA. The U.S. Supreme Court, however, has defined the term "willful" within the context of the Fair Labor Standards Act ("FLSA"). *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). The term "willful," as is used in *McLaughlin*, means "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133.

PAGE 5 - OPINION AND ORDER

The limitations section of the FLSA employs similar language to the limitations section of the FMLA. *See* 29 U.S.C. § 255(a) (2000) (the limitations period for the FLSA, which provide a two-year statute of limitations for "violations" and a three-year statute of limitations for "willful violations"); *cf.* 29 U.S.C. § 2617(c) (2000) (the limitations provision of the FMLA, which also extends the two-year statute of limitations to three years for "willful violations"). Because of the similarities in both the statutory language and the purposes of the statutes, other courts have applied the Supreme Court's definition of "willful" from *McLaughlin* to the FMLA. *See Hanger v. Lake County*, 390 F.3d 579, 583 (8th Cir. 2004) (adopting the willfulness standard in *McLaughlin* for FMLA violations); *see also Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003) (same). Thus, applying the First and Eighth Circuit's definition of willfulness from *McLaughlin*, to show a "willful violation" a plaintiff must establish that the defendant either knew or showed a reckless disregard for whether its conduct was prohibited by statute. *Hanger*, 390 F.3d at 583–84; *Hillstrom*, 354 F.3d at 33–34.

The plaintiff in *Hanger* brought an action under the FMLA for failure to reinstate her to the same position when she returned from maternity leave. *Hanger*, 390 F.3d at 581. When the plaintiff in *Hanger* returned from maternity leave, her employers modified her job responsibilities, but still gave her the same salary and benefits that she had before she took the FMLA leave. *Id.* at 584. The plaintiff resigned because she was unhappy with the change in her job responsibilities. *Id.* She filed an action under the FMLA just over two years from the date of her resignation. *Id.* at 581. The court dismissed her claim as untimely because it found "nothing to suggest recklessness on the part of the [employers]." *Id.* The court in *Hillstrom*, using the similar rational as the court in *Hanger*, did not find a willful violation when the employers, after an FMLA leave of absence, decided to "alter slightly" the plaintiff's employment conditions. *Hillstrom*, 354 F.3d at 34.

This case is distinguishable from both *Hanger* and *Hillstrom* because Legacy allegedly fired Ms. Scharp for exercising her FMLA rights. In *Hanger* and *Hillstrom*, both plaintiffs

PAGE 6 - OPINION AND ORDER

returned to similar positions with similar pay and benefits. The respective courts held that changes in a job position do not constitute willful violations of the FMLA. However, in this case, Legacy did not merely alter Ms. Scharp's job position, but rather terminated Ms. Scharp. Legacy was allegedly aware that Ms. Scharp was taking protected absences, granted approval for her to do so, then fired her based on those absences. In the light most favorable to Ms. Scharp, Legacy either knew or showed a reckless disregard that its conduct was prohibited by statute when it terminated Ms. Scharp for using the FMLA to care for her father-in-law. Therefore, under the facts of this case, I deny the motion to dismiss Ms. Scharp's FMLA claim as untimely because Ms. Scharp sufficiently averred a willful violation of the FMLA.

## II. Legacy's Motions to Strike

### A. Legacy's Motion to Strike the Age Discrimination in Employment Act Claim

After being terminated on August 24, 2004, Ms. Scharp filed charges with the EEOC on May 27, 2005. Legacy moves to strike the ADEA claims that occurred more than 300 days before Ms. Scharp filed charges with the EEOC, i.e., claims that occurred before July 31, 2004. Ms. Scharp argues that it is improper to strike these allegations because they constitute relevant background evidence. Ms. Scharp also suggests that her allegations are "akin to a 'pattern and practice' claim." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 7. Legacy argues that each violation of the ADEA is a discrete violation, that, to be actionable, must occur less than 300 days prior to filing the charge with the EEOC.

The ADEA prohibits employers from discharging an individual based on age. 29 U.S.C. § 623(a)(1) (2000). To bring an action for a discrete discriminatory act, a party must file a charge with the EEOC within 300 days of the date of the act. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (where the court time-barred discrete discriminatory acts under Title VII for failure to file timely file with the EEOC); *see also Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) (applying *Morgan* to other civil rights laws). Failure to file the charge within 300 days bars recovery. *Morgan*, 536 U.S. at 110. However, an employee may

PAGE 7 - OPINION AND ORDER

use "prior acts as background evidence in support of a timely claim." *Id.* at 113. In addition, the Court in *Morgan* left unresolved the timely filing question for "pattern-or-practice" claims. *Id.* at 115 n.9.

To establish a "pattern or practice" violation, the plaintiff has "to prove more than the mere occurrence of isolated or accidental or sporadic discriminatory acts." *Int'l Bhd. of Teamsters v. U.S.*, 431 U.S. 324, 336 (1977) (internal quotations omitted). Rather, the plaintiff must establish that the discrimination "was the company's standard operating procedure." *Id.* That is, the discriminatory conduct must be a "routine and regular part of the workplace." *Cherosky*, 330 F.3d at 1247. Evidence of a pattern-or-practice claim typically includes statistical evidence to demonstrate widespread discrimination. *Id.*; *Lyons v. England*, 307 F.3d 1092, 1107 n.8 (9th Cir. 2002). Moreover, individualized decisions should be characterized as discrete discriminatory acts. *Cherosky*, 330 F.3d at 1247.

In this case, Ms. Scharp alleges a series of discrete discriminatory acts that occurred between September 11, 2002, and August 24, 2004, the date of her termination. She provides no evidence that the discrimination was Legacy's routine or standard operating procedure. Rather, Ms. Scharp's allegations consist of individualized decisions by her supervisor, Ms. Lannon. Because plaintiff alleges discrete violations of the ADEA that occurred more than 300 days before being filed with the EEOC, I grant Legacy's motion to strike claims prior to July 31, 2004. Ms. Scharp, however, is not necessarily precluded from using the prior discriminatory acts as background evidence.

B. Motion to Strike the Family Medical Leave Act Claims

In the alternative to Legacy's motion to dismiss the FMLA claim, Legacy moves to strike all of the FMLA claims that occurred prior to August 24, 2003. The statute of limitations for "willful violations" under the FMLA is three years. 29 U.S.C. § 2617(c)(2) (2000). As discussed in the preceding section, discrete acts of discrimination are not actionable if not timely filed. Ms.

Scharp filed this action on August 24, 2006. As such, I grant Legacy's motion to strike Ms. Scharp's FMLA claims that occurred prior to August 24, 2003.

    C. <u>Motion to Strike the Oregon Family Leave Act Claim</u>

Legacy also moves to strike the portions of the OFLA claim that occurred more than one year before Ms. Scharp filed charges with the Bureau of Labor and Industries ("BOLI"). Whenever possible, OFLA claims are to be construed consistent with similar provisions of the FMLA. Or. Rev. Stat. § 659A.186(2) (2005).

The OFLA requires that a plaintiff alleging an unlawful employment practice must commence a civil action within one year after the occurrence of the unlawful employment practice. Or. Rev. Stat. §659A.875(1) (2005). In this case, Ms. Scharp filed a complaint with BOLI on May 26, 2005. Thus, under Or. Rev. Stat. § 659A.820 (2005), she can only get relief for acts that occurred within one year of the filing the complaint (i.e., acts that have occurred since May 27, 2004). As discussed in the previous sections (sections IIA and IIB, the motions to strike the ADEA and the FMLA claims), discrete discriminatory acts that occurred before the limitations period are not actionable. Accordingly, I grant Legacy's motion to strike the OFLA claims that occurred prior to May 27, 2004.

    D. <u>Legacy's Motion to Strike the Oregon Age Discrimination Claim under Or. Rev. Stat. § 659A.030 (2005)</u>

Legacy also moves to strike the portions of the Or. Rev. Stat. § 659A.030(1)(a) (2005) (age discrimination) claim that occurred more than one year before Ms. Scharp filed charges with BOLI. Again, to be actionable, a claimant must file state age discrimination claims with BOLI within one year of the alleged violation. For the identical reasons as discussed in the previous sections (sections IIA, IIB and IIC, the motions to strike the ADEA, the FMLA, and the OFLA claims), discrete discriminatory acts that occurred before the limitations period are not actionable. Therefore, Legacy's motion to strike the state law discrimination claims that occurred prior to May 27, 2004, is granted.

PAGE 9 - OPINION AND ORDER

E.  Legacy's Motion to Strike All Claims Prior to May 27, 2004

Lastly, Legacy moves to strike all claims prior to May 27, 2004.  I deny this motion as superfluous.  Each claim has been previously addressed in turn.

## CONCLUSION

For the foregoing reasons, I GRANT Legacy's motion to dismiss Ms. Scharp's wrongful discharge claim, but DENY Legacy's motion to dismiss Ms. Scharp's FMLA claim.  However, I GRANT Legacy's motion to strike the FMLA claims that occurred prior to August 24, 2003, her ADEA claims that occurred prior to July 31, 2004, and her OFLA and Oregon Age Discrimination claims that occurred prior to May 27, 2004.  Finally, I DENY Legacy's motion to strike all claims that occurred prior to May 27, 2004.

IT IS SO ORDERED.

DATED this   8th   day of March, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court